<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RANDY SCOTT, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 10-2450 (SDW) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ELIZABETH H. SMITH, ESQ., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Randy Scott, <u>Pro Se</u>
663767
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

**WIGENTON, District Judge**

Plaintiff, Randy Scott, currently incarcerated at the Bayside State Prison, Leesburg, New Jersey, has submitted a complaint, pursuant to 42 U.S.C. § 1983, and seeks to proceed <u>in forma pauperis</u>, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the attorney who represented him in state court criminal proceedings for violating his constitutional rights.  Plaintiff states that defendant Smith withheld important discovery from him, and violated the attorney-client privilege. Plaintiff notes that he wrote to the Public Defender's Office and was appointed another attorney to help on his case.  Plaintiff does not specify what relief he seeks.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and

1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Fed. R. Civ. P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed. R. Civ. P.</u> 8(d).

reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>id.</u> at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>See</u> <u>id.</u> at 1949-50; <u>see</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

**B.   <u>42 U.S.C. § 1983</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v.</u>

4

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **The Complaint Must Be Dismissed.**

Plaintiff does not assert within his complaint what relief he seeks.  To the extent that Plaintiff requests release due to the alleged constitutional violations, the claim will be dismissed.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.  Thus, if Plaintiff seeks release, his claims are not cognizable in this § 1983 action; rather, Plaintiff must file a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.

To the extent Plaintiff seeks monetary relief, his claims must also be dismissed.  Liberally construing the complaint, Plaintiff may be seeking damages for the allegation that he received ineffective assistance of counsel in his criminal proceedings.  However, monetary relief would not yet be available to Plaintiff, as Plaintiff has not plead that his conviction has

been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages. See Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, as noted, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law. However, Defendant Smith is not a proper defendant in this § 1983 action. As a defense attorney, Defendant Smith is not a state actor for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

<u>**CONCLUSION**</u>

Based upon the foregoing, Plaintiff's complaint will be dismissed. The Court will file an appropriate order.


s/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge


Dated: December 10, 2010

6